UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No. 4:18-cv-01541 |
| v. | ) |
| TERRY SHORT, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

Plaintiff, Malibu Media LLC, by and through undersigned counsel, and pursuant to Fed. R Civ. P. 37, hereby moves for entry of an Order compelling Defendant, Terry Short ("Defendant"), to respond to Plaintiff's Interrogatories and Requests for Production. Pursuant to Fed. R. Civ. P. 26(a)(1) and in support thereof states:

1.  Plaintiff propounded its discovery requests, which consist of Request for Admissions, interrogatories and Requests for Production such requests upon the Defendant via e-mail service on August 16, 2019.

2.  On September 14, 2019, Defendant emailed Plaintiff with his responses to Plaintiff's Request for Admissions and requested a fourteen (14) day extension to respond to the remainder of Plaintiff's discovery requests. Plaintiff agreed to the extension request. After the extension deadline expired, Plaintiff contacted Defendant again and requested and additional extension. Plaintiff agreed to a second extension.

3.  The second extension expired and Plaintiff has not received responses to its discovery requests or Defendant's initial disclosures.

4. If a party fails to respond to a document request, the discovering party may move for an order compelling such answer or response. See Fed. R. Civ. P. 37(a)(3)(B). Upon granting a motion to compel "[t]he court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court must grant this payment when the movant has made an attempt in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure or responses were not substantially justified, and the award of expenses is just. See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

5. When, as here, a party fails to respond to discovery, the court should enter an order compelling discovery. *See Dively v. Seven Springs Farm, Inc*., 2012 WL1865414 at *2 (W.D. Pa. 2012); *Roque v. Dialysis Corp. of Am*., 2013 WL 5969869 at *1 (M.D. Pa. 2013); *Deslonde v. New Jersey*, 2010 WL 4226505 at *4 (D.N.J. 2010); *Gilligan v. Cape May Cnty. Corr*., 2006 WL 3454864 at *1 (D.N.J. 2006).

6. As required by Fed. R. Civ. P. 37(a)(1), Plaintiff has, in good faith, attempted to confer through email with Defendant regarding the lack of response.

7. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a movant's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The only exceptions are where: (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Here, none of the foregoing exceptions are applicable.

8.     Plaintiff made a good faith attempt to obtain the remainder of Defendant's discovery responses and initial disclosures. Plaintiff extended two (2) extensions of time to respond and followed up multiple times (via phone and email) requesting that Defendant respond to the discovery requests. Accordingly, Plaintiff is entitled to its reasonable expenses incurred in connection with bringing the instant motion.

WHEREFORE, Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A)  Granting Plaintiff's Motion to Compel;

(B)  Compelling Defendant to serve upon counsel for Plaintiff, within seven (7) days of the entry of its Order, responses to Plaintiff's discovery requests;

(C)  Awarding Plaintiff its reasonable attorney's fees and costs pursuant to Fed. R. Civ. R. 37;

(D)  Holding that Defendant's failure to comply with the Court's Order Compelling discovery responses shall result in the entry of a default judgment in Plaintiff's favor; and

(E)  Ordering such other and further relief as the Court deems just and proper.

## GOOD FAITH CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiff hereby certifies that it attempted to confer through email with Defendant on two separate occasions and left multiple voicemails, in a good faith effort to resolve the issues raised by this Motion. At the time of filing, Defendant had not responded to the undersigned.

By: */s/ Paul S. Beik*
PAUL S. BEIK

Dated: January 27, 2020                Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444

> S.D. Tex. ID No. 642213
> BEIK LAW FIRM, PLLC
> 8100 Washington Ave., Suite 1000
> Houston, TX 77007
> T: 713-869-6975
> F: 713-868-2262
> E-mail: paul@beiklaw.com
> **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

> By: */s/ Paul S. Beik*
> PAUL S. BEIK

**Service List**
Terry Short
2803 Crescent Drive
La Porte, TX 77571
E-Mail: yourpartstore@yahoo.com

4